United States District Court
Southern District of Texas

**ENTERED**

October 04, 2016

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., | § | |
| d/b/a INTEGRATED SPORTS MEDIA, | § | |
| as Broadcast Licensee of the June 8, 2012 | § | |
| Honduras v. Panama Soccer Game, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-1478 |
| | § | |
| HUETAMO ENTERPRISES, INC., individually, | § | |
| and d/b/a HUETAMO SPORTS BAR a/k/a | § | |
| HUETAMO NITE CLUB, | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Innovative Sports Management, Inc.'s ("ISM") motion for summary judgment. Dkt. 13 at 1. Defendant Huetamo Enterprises, Inc. ("Huetamo") has appeared and filed an answer but it did not respond to the summary judgment. Dkt. 9. After considering the complaint, motion, and evidentiary record, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

ISM was a broadcast licensee authorized to sublicense the closed-circuit telecast of the June 8, 2012, Honduras v. Panama soccer game (the "Event"). Dkt. 1 at 3. ISM was licensed to exhibit the Event at closed-circuit locations, such as theaters, arenas, bars, clubs, lounges, restaurants, and other commercial establishments throughout Texas. *Id.* The closed-circuit broadcast of the Event could be exhibited in a commercial establishment only if the establishment was contractually authorized to broadcast the Event by ISM. *Id.* ISM contracted with various establishments

throughout the state and granted such establishments the right to broadcast the Event in exchange for a fee. *Id.* The establishments that contracted with ISM to broadcast the Event were provided with the electronic decoding capability or satellite coordinates necessary to receive the satellite transmission of the Event. *Id.* at 3–4.

On June 18, 2015, ISM brought this lawsuit, alleging that defendant Huetamo violated the Federal Communications Act of 1934, 47 U.S.C. §§ 553 or 605, by unlawfully intercepting the interstate communication of the Event and exhibiting the Event to patrons at Huetamo Sports Bar a/k/a Huetamo Nite Club without paying a sublicense fee. *Id.* at 5. On December 15, 2015, Huetamo filed an answer denying ISM's claims. Dkt. 9. On May 20, 2016, ISM served Huetamo with Plaintiff's First Requests for Admission. Dkt. 13 at 3. Huetamo failed to respond to the plaintiff's requests for admissions within the time period prescribed by Federal Rule of Civil Procedure 36. *Id.* On August 5, 2016, ISM filed the instant motion for summary judgment. Dkt. 13. Huetamo also has not responded to the motion for summary judgment.[1] Pursuant to Southern District of Texas Local Rule 7.4, there is no opposition to the summary judgment motion.

## II. LEGAL STANDARD AND ANALYSIS

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.,* 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548 (1986). If the party meets the burden, the burden shifts to

---

[1] Pursuant to Southern District of Texas Local Rule 7.4, because the defendant failed to respond to the motion, the court deems the motion unopposed.

the non-moving party to set forth specific facts and draw all justifiable inferences in favor of the non-movant.  *Envtl. Conservation Org. v. City of Dall., Tex.,* 529 F.3d 519, 524 (5th Cir. 2008).

ISM alleges that Huetamo violated either 47 U.S.C. §§ 553 or 605.  Dkt. 13 at 6.  Section 605 is applicable here because the transmission of the Event originated over satellite.  *J&J Sports Prods., Inc. v. Flor De Cube, Tx, Inc.*, No. 13-CV-3283, 2014 WL 6851943, at *2 (S.D. Tex. Dec. 3, 2014) (Rosenthal, J.) (noting that Section 605 applies to the theft of radio and satellite communications, whereas Section 553 applies to the theft of communications from a cable network.).  Section 605 is a strict liability statute.  *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014) (Harmon, J.).  To establish liability, ISM must show that (1) the Event was exhibited in Huetamo's establishment and (2) ISM did not authorize the particular exhibition of the Event.  *Id.*

Under Federal Rule of Civil Procedure 36(a)(3), after a party receives requests for admission:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be stipulated under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).  Under Rule 36(b),

> A matter admitted under this rule is conclusively established unless that court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote that presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting part in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P 36(b).  Here, Huetamo failed to respond, object, or assert any privileges to any of plaintiff's requests for admission.  Dkt. 13 at 13.  Because Huetamo did not timely respond to ISM's

requests for admission, the requests, which establish that Huetamo violated the Federal Communications Act of 1934, are deemed admitted. Dkt. 13, Ex. C at 5 ("[Huetamo] broadcasted the Event in the Establishment" and "[Huetamo] did not receive authorization from [ISM] to show the Event in the Establishment."). Thus, based on the deemed admissions, ISM's motion for summary judgment is GRANTED.

ISM seeks (1) statutory damages of $10,000, (2) additional damages of $50,000, (3) attorney's fees of either one-third contingent fee or $2,000, (4) conditional attorney's fees, (5) post-judgment interest, and (6) a permanent injunction against Huetamo. Dkt. 13 at 15.

The court may award statutory damages between $1,000 and $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). The court finds that a statutory award of $2,500 is appropriate in this case. Here, ISM could have charged $1,000 for a venue comparable to Huetamo's establishment. *See* Dkt.13, Ex. A-2 (stating Huetamo's establishment has a capacity of approximately 60 people); Dkt. 13, Ex. A-3 (noting that ISM typically charges $1,000 for a venue seating 50-100 people). An additional $1,500 is reasonable to deter future violations.

The court may award additional damages of up to $100,000 where the violation was committed willfully and for the purposes of private financial gain or commercial advantage. 47 U.S.C. § 605(e)(3)(C)(ii). An award of additional damages is warranted here because Huetamo must have acted willfully and for the purposes of private financial gain in receiving the unauthorized satellite signal and displaying the event to its customers. *See Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable

4

distribution systems."). The court finds that an award of additional damages equivalent to double statutory damages is appropriate. *See Joe Hand Promotions, Inc. v. Chios, Inc.*, No. 4:11-CV-2411, 2012 WL 3069935, at *5 (S.D. Tex. July 27, 2012) (Hoyt, J.) ("Generally, it is reasonable to increase an actual or statutory damages award by a multiplier to penalize Defendants for willful acts."), *aff'd*, 544 F. App'x 444 (5th Cir. 2013). Therefore, the court awards $5,000 in additional damages.

The court is required to award full costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). Attorney's fees will be awarded in the amount of $2,000 because the court finds that eight hours of work at a blended rate of $250 is reasonable. Dkt. 13, Ex. B at 4-5. Costs will be taxed in favor of ISM.

ISM is entitled to recover damages against Huetamo as detailed above, plus post-judgment interest at the rate of 0.59% per annum.

Furthermore, ISM is entitled to recover the following conditional awards of attorney's fees from Huetamo in the following circumstances:

a.  Ten Thousand Dollars ($10,000.00) in the event defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in the action;

b.  Fifteen Thousand Dollars ($15,000.00) in the event defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

    c.      Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of judgment obtained in this action;

    d.      Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of judgment obtained in this action; and

    e.      Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

Finally, the court may award a temporary or permanent injunction to "prevent or restrain" violations of the statute. 47 U.S.C. § 605(e)(3)(B)(I). The court finds that an injunction is warranted in these circumstances and grants ISM's request for a permanent injunction against Huetamo to prevent further violations of 47 U.S.C. § 605.

### III. CONCLUSION

For the aforementioned reasons, ISM's motion for summary judgment (Dkt. 13) is GRANTED. The court will enter a separate final judgment against Huetamo consistent with this order.

Signed at Houston, Texas on October 4, 2016.

_____
Gray H. Miller
United States District Judge